## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LALLI, | ) | Civil Action No. 3:13-cv- 30208 |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL NUTRITION CENTERS, INC. | ) | COLLECTIVE ACTION |
| and GENERAL NUTRITION CORP., | ) | CLASS ACTION |
| | ) | |
| Defendants. | ) | December 31, 2013 |

## COMPLAINT

Plaintiff Joseph Lalli ("Plaintiff"), by his undersigned attorneys, brings this action on behalf of himself and all others similarly situated against Defendants General Nutrition Centers, Inc. and General Nutrition Corporation (together, "GNC").

## INTRODUCTION

1.      This is a "collective action" pursuant to 29 U.S.C. § 216(b), part of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, to remedy violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a).

2.      This is also a class action pursuant to Fed. R. Civ. P. 23 and Mass. Gen. Laws ch. 151, § 1B, part of the Massachusetts Minimum Fair Wage Law ("State Act"), Mass. Gen. Laws ch. 151, §§ 1-22, to remedy violations of the overtime wage provisions of the State Act, Mass. Gen. Laws ch. 151, § 1A.

3.      Plaintiff seeks damages and other relief provided by law for GNC's failure to pay him and other non-exempt employees time-and-a-half overtime premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal and state law.

4.      Specifically, Plaintiff challenges as unlawful GNC's uniform, company-wide

policy of using the fluctuating workweek ("FWW") method to calculate overtime for non-exempt employees whose remuneration includes non-discretionary commissions.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's claim under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has subject matter jurisdiction over Plaintiff's claim under the State Act pursuant to 28 U.S.C. § 1367(a).

7.      GNC is subject to personal jurisdiction in Massachusetts.

8.      GNC maintains a place of business in Massachusetts.

9.      Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391.

10.      Assignment to the Western Division of United States District Court for the District of Massachusetts is proper pursuant to Local Rule 40.1(D).

11.      A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in this District.

## THE PARTIES

12.      Plaintiff Lalli is an adult individual who is a resident of Palmer, Massachusetts, which is located in Hampden County.

13.      Lalli was employed by GNC as a store manager in Massachusetts from approximately August 2009 through January 2013.

14.      Defendant General Nutrition Centers, Inc. is a Delaware corporation with a principle place of business at 300 Sixth Avenue, Pittsburgh, PA  15222.

15.      Defendant General Nutrition Corporation is a Pennsylvania corporation with a

principle place of business at 300 Sixth Avenue, Pittsburgh, PA 15222.

16.    GNC is engaged in the business of selling health and wellness products including vitamins, minerals, and herbal supplements.  GNC conducts this business through a sales network which includes approximately 3,100 company-owned stores throughout the United States, including approximately 70 stores in Massachusetts.

17.    Throughout the relevant period, GNC has been a covered "employer" and Plaintiff was a covered "employee" within the meaning of 29 U.S.C. § 203.

## APPLICABLE STATUTORY LAW

18.    The FLSA requires employers to pay non-exempt employees wages for all work performed on behalf of the employer and to pay overtime for work performed in excess of forty (40) hours per week.  29 U.S.C. §§ 206-207.

19.    The overtime provision of the State Act, Mass. Gen. Laws ch. 151, § 1A, is essentially identical to the FLSA's and provides comparable overtime compensation.  *Swift v. Autozone, Inc*., 806 N.E.2d 95, 99 (Mass. 2004).

20.    As a general rule, the FLSA and the State Act require employers to pay non-exempt employees overtime wages equal to one and one-half times his or her regular (hourly) rate of pay.  29 U.S.C. § 207(a); Mass. Gen. Laws ch. 151, § 1A.

21.    The FWW method provides an alternative for calculating overtime wages when certain conditions are met.  29 C.F.R. § 778.114(a).  Under the FWW method, employers pay non-exempt employees overtime wages equal to only one-half of each employee's regular (hourly) rate.

22.    An employer may not use the FWW method to calculate overtime wages for non-exempt employees unless the following criteria are satisfied:  (a) the employees' hours

fluctuate from week to week; (b) the employees receive a fixed salary that remains the same regardless of the number of hours worked per week (excluding overtime premiums); (c) the fixed amount received by the employees provides compensation every week at a regular (hourly) rate that is at least equal to the minimum wage; and (d) the employer and its employees share a clear mutual understanding that the employer will pay that fixed salary regardless of the number of hours worked. *O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (1st Cir. 2003).

## FACTUAL ALLEGATIONS

23.     During the period from at least three years ago to the present, Plaintiff and all other members of the "FLSA Class" and the "Massachusetts Class," as defined below, worked overtime at GNC, logged their overtime hours (to the extent that they were permitted to record overtime), and were paid overtime wages calculated under the FWW method.

24.     Using the FWW method, GNC calculated overtime wages for Plaintiff and all other members of the FLSA Class and the Massachusetts Class by:  (a) dividing each employee's wages for that week by the number of hours worked that week, thereby arriving at a regular (hourly) rate; and (b) dividing that regular (hourly) rate in half to arrive at the amount to be paid per hour for any overtime work in excess of 40 hours per week.

25.     Plaintiff and all other FLSA Class and Massachusetts Class members' wages for any given week in which they worked overtime included a combination of base pay plus non-discretionary commissions.  The amount of commissions earned by each employee varies each week based upon the amount of sales attributed to the employee during that week.  The commissions are not contingent on store performance.

26.     GNC does not satisfy all of the requirements that allow some employers to use the FWW method to calculate overtime pay for non-exempt employees under certain circumstances.

4

27.     Specifically, GNC does not pay members of the FLSA Class a "fixed amount as straight time pay for whatever hours he is called upon to work in a workweek," 29 C.F.R. § 778.114, because each employee's non-overtime wages vary from one week to the next based upon the inclusion of commissions, which are considered "payments for hours worked," 29 C.F.R. § 778.117.

28.     Indeed, in an April 2011 Final Rule, the U.S. Department of Labor made clear that "the payment of bonus and premium payments . . . are incompatible with the fluctuating workweek method of computing overtime." 76 Fed. Reg. 18,832 (Apr. 5, 2011).

29.     Nonetheless, as part of its regular business practice, GNC has continued to use the FWW method to calculate overtime wages for members of the FLSA Class.  As a result, GNC willfully and intentionally has failed and/or refused to pay members of the FLSA Class time-and-a-half overtime wages for all hours they work in excess of 40 hours per workweek, in violation of 29 U.S.C. § 207(a).

30.     Upon information and belief, GNC's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the State Act.

31.     Upon information and belief, GNC was or should have been aware that federal law required it to pay members of the FLSA Class time-and-a-half overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

32.     With respect to Count I below, Plaintiff brings this complaint individually and as a nationwide collective action on behalf of an opt-in class (the "FLSA Class") comprised of:

> All former or current non-exempt employees who worked for GNC between December 31, 2010 and the present, received non-discretionary commissions as part of their wages, and were paid overtime wages based upon the FWW method.

5

33.     Plaintiff is a member of the FLSA Class.

34.     Upon information and belief, the FLSA Class consists of over several thousand persons.

35.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims under the FLSA for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.  In addition to Plaintiff, numerous current and former GNC employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of the interests of the FLSA Class as well as his own in bringing this action.

36.     Members of the FLSA Class are known to GNC, are readily identifiable, and can be located through GNC's payroll records.  These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) and for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

37.     With respect to Count II below, Plaintiff brings this complaint individually and as a Massachusetts-wide class action on behalf of an opt-out class (the "Massachusetts Class") comprised of:

> All former or current non-exempt employees who worked for GNC in the Commonwealth of Massachusetts between December 31, 2011 and the present, received non-discretionary commissions as part of their wages, and were paid overtime wages based upon the FWW method.

38.     Plaintiff is a member of the Massachusetts Class.

39.     Upon information and belief, the Massachusetts Class consists of several hundred

persons.  The members of the Massachusetts Class are so numerous that joinder is impractical.

40.     The Massachusetts Class, as defined above, is identifiable and unambiguous based on objective information and criteria, and its members can be located through GNC's payroll records.

41.     The claims and defenses of Plaintiff are typical of the claims of all members of the Massachusetts Class.  By proving his case, Plaintiff will simultaneously prove the case of the members of the Massachusetts Class.

42.     Questions of law and fact common to members of the Massachusetts Class predominate over any questions affecting individual members.  By way of example, a central common and predominate question is whether GNC violated the FLSA and, in turn, the State Act by using the FWW method to calculate overtime pay for members of the Massachusetts Class, given that their non-overtime wages vary from one week to the next based upon the inclusion of non-discretionary commissions.

43.     Plaintiff will fairly and adequately represent the Massachusetts Class.  Plaintiff is willing and able to serve as representative of the Massachusetts Class, and he has no knowledge of any possible divergent interests between or among Plaintiff and any members of the Massachusetts Class.

44.     Plaintiff has retained highly competent counsel experienced in class actions and complex litigation to provide representation on behalf of Plaintiff and the Massachusetts Class.

45.     The prosecution of separate actions by individual members of the Massachusetts Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class, which would establish incompatible standards of conduct for GNC.

46.     The prosecution of separate actions would also create a substantial risk of adjudications with respect to individual members of the Massachusetts Class, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

### COUNT I
### Fair Labor Standards Act

47.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

48.     GNC engaged in a nationwide pattern, policy, and practice of violating the FLSA.

49.     The overtime wage provisions set forth in the FLSA apply to GNC and protect Plaintiff and the FLSA Class.

50.     GNC failed to pay Plaintiff and the members of the FLSA Class the overtime wages to which they are entitled under the FLSA.

51.     GNC's violations of the FLSA, as described in this Complaint, have been willful and intentional as described above.

52.     GNC did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the FLSA Class.

53.     Because GNC's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54.     As a result of GNC's violations of the FLSA, Plaintiff and the members of the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq*.

## COUNT II
## Massachusetts Minimum Fair Wage Law

55.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

56.     The overtime wage provisions set forth in the State Act apply to GNC and protect Plaintiff and the Massachusetts Class.

57.     GNC failed to pay Plaintiff and the members of the Massachusetts Class the overtime wages to which they are entitled under the State Act.

58.     As a result of GNC's violations of the State Act, Plaintiff and the members of the Massachusetts Class have suffered damages by being denied overtime wages in accordance with the State Act in amounts to be determined at trial, and they are entitled to recovery of such amounts, treble liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to Mass. Gen. Laws ch. 151, § 1B.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Class, prays for the following relief:

a.    equitable tolling of the statute of limitations for absent members of the FLSA Class;

b.    designation of this action as a collective action pursuant to 29 U.S.C. § 216(b) and prompt notice to all potential members of the FLSA Class in accordance with that section;

c.    certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and prompt notice to all potential members of the Massachusetts Class in accordance with that rule;

d.    designation of Plaintiff as class representative of the FLSA Class and the Massachusetts Class;

e.    designation of counsel of record as class counsel for the FLSA Class and the Massachusetts Class;

f.    unpaid overtime under the FLSA and the State Act;

g.    liquidated damages permitted under the FLSA;

h.    treble liquidated damages required under the State Act;

i.    pre-judgment and post-judgment interest, as provided by law;

j.    attorneys' fees and costs of suit, including expert fees; and

k.    such other relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 31, 2013                    THE PLAINTIFF,
                                            JOSEPH LALLI,
                                            BY MOTLEY RICE LLC,
                                            HIS ATTORNEYS

                                        By:  /s/ Jonathan Orent
                                            Jonathan Orent BBO#660571
                                            Robert J McConnell BBO#550625
                                            MOTLEY RICE LLC
                                            321 South Main St., 2nd Floor
                                            Providence, RI  02903
                                            Tel.: (401) 457-7700
                                            Fax: (401) 457-7708
                                            Email: bmcconnell@motleyrice.com

                                            *Of counsel*
                                            (pro hac vice applications forthcoming):

                                            William H. Narwold
                                            Mathew P. Jasinski
                                            MOTLEY RICE LLC
                                            20 Church St., 17th Floor
                                            Hartford, CT  06103
                                            Tel.: (860) 882-1681
                                            Fax: (860) 882-1682
                                            Email: bnarwold@motleyrice.com
                                                   mjasinski@motleyrice.com