UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH LALLI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-30208 |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL NUTRITION CENTERS, INC. | ) | |
| and GENERAL NUTRITION CORP., | ) | |
| | ) | |
| Defendants. | ) | Leave to File Granted on 2/20/2014 |

## GNC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

In his Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opposition"), Plaintiff Joseph Lalli ("Lalli" or "Plaintiff") contends that an employer may not—and has never been able to—utilize the fluctuating workweek ("FWW") method to calculate the regular rate for the salary portion of an employee's weekly remuneration if the employee also receives a performance-based bonus or commission.  Plaintiff's assertion is wrong as a matter of law.  Tellingly, despite the passage of more than 70 years since the *Missel* decision and more than 40 years since the publication of 29 C.F.R. § 778.114, he does not—and cannot—cite to a single reported case or agency interpretation supporting his contention.  In contrast, as detailed in GNC's original brief and below, every reported decision to address the issue has held that an employer may utilize the FWW while also paying employees a performance, non-hours-based commission or bonus.  The reason for this glaring disparity is simple: the practice complies with the Fair Labor Standard Act ("FLSA").  Accordingly, Plaintiff cannot state a claim as a matter of law and this Court should dismiss his Complaint with prejudice.

A.   **Courts Uniformly Hold That An Employer May Utilize the FWW Method While Also Paying Non-Hours Based Commissions or Bonuses**

Numerous courts have considered whether an employer may utilize the FWW method to calculate the salary portion of the "regular rate" while also paying its employees a performance-based commission or bonus. Those courts uniformly have held that performance-based pay (as opposed to hours-based pay) in addition to the weekly salary is consistent with the FWW method.

Within the last 10 years, the courts in *Soderberg v. Naturescape, Inc.*, Civ. No. 10-3429, 2011 WL 11528148, *4-6 (D. Minn. Nov. 3, 2011), *Switzer v. Wachovia Corp.*, No. H-11-1604, 2012 WL 3685978, *3-5 (S.D. Tex. Aug. 24, 2012), *Lance v. Scotts Co.*, 2005 WL 1785315, *6-7 (N.D. Ill. July 21, 2005), and *Wills v. RadioShack Corp.*, 2013 WL 5951078, *10 (S.D.N.Y. Nov. 7, 2013), have thoroughly examined this issue. Each court has concluded that performance-based bonuses and commissions are permissible under the FWW method. The *Wills* court recently engaged in an extensive review of the case law on the issue. After analyzing all reported cases and noting the uniformity of the different courts' reasoning, the *Wills* court held that:

> . . . this body of case law is in fact quite relevant. It shows how courts have interpreted the language of § 778.114, which, significantly, the Final Ruling left intact. It demonstrates the development by the courts of a rational distinction between bonuses that turn on hours worked, and bonuses that do not, **under which performance-based bonuses were uniformly held consistent with the FWW**.

*Wills*, 2013 WL 5951078 at *10 (emphasis added).

Even the court in *Brantley v. Inspectorate America Corp.*—which Plaintiff cites as support—evidences this uniformity. *Brantley*, 821 F. Supp. 2d 879, 890 (S.D. Tex. 2011). Unlike the present case, *Brantley* involved an hours-based pay premium, which the court

2

ultimately found inconsistent with the FWW method. Specifically, the court reasoned that, "[t]hese types of premiums are similar to [cases], in which premiums were paid according *to the time* (such as night, weekend, holiday, or day off) *or type* (such as off-shore) of the employee's work assignment." *Id.* (emphasis added). Importantly, however, the *Brantley* court expressly distinguished additional pay tied to an employee's hours from "the payment of sales-based or production-based bonuses and commissions." *Id*. In explaining the reasons for this different treatment, the court explained that, unlike performance pay, "the off-shore, holiday, and day-off premiums at issue here were paid **based on the time or type of work assignment**." *Id.*; *see also Wills*, 2013 WL 5951078, at *9 (discussing *Brantley*).

Here, Plaintiff fails to cite a single decision in which a court has found that a performance-based commission or bonus renders the FWW method inapplicable. As courts have uniformly held, GNC's pay practices comply with the FLSA.

**B.**     ***O'Brien* Does Not Address Performance-Based Pay**

The First Circuit's decision in *O'Brien v. Town of Agawam*, 350 F.3d 279, 287 (1st Cir. 2003) does not address the issue of performance-based commissions or pay. In fact, the Court expressly noted that the plaintiffs based their challenge in that case on the fact that "their compensation does vary under the CBAs *with the number of hours worked*." *Id.* at 288 (emphasis added). Therefore, that decision deals only with a premium pay tied to an employee's hours, and its holding has no bearing on the effect of performance-based pay on the FWW method's "fixed weekly salary" requirement.

As the *O'Brien* court indicated, the pay practices at issue in that case caused the plaintiffs' pay to vary with the number of hours worked. Specifically, the plaintiffs challenged hours-based premiums, including a nighttime shift differential and an hours' premium for

3

working more than 8 hours in a day. *Id.* at 288-89.  As a result, the plaintiffs received different amounts of pay based solely on when or the number of hours that they worked.  The *O'Brien* plaintiffs did not receive and did not challenge any type performance-based pay.

For this reason, the *O'Brien* decision only addressed the propriety of hours-based premiums.  In finding those premiums improper, the Court highlighted that the hours-based premiums at issue resulted in "officers receiv[ing] more or less straight-time pay depending on how many contractual overtime hours they work each week." *Id.* at 289.  The Court further noted that the premiums forced the defendant to track each plaintiff's daily hours and to compensate them differently depending on the timing and the number of hours worked, which— according to the Court— "beli[ed] the [employer's] claim that it utilizes the fluctuating workweek method." *Id.*  In so doing, the Court equated the situation to that in *Heder v. City of Two Rivers*, 295 F.3d 777 (7th Cir. 2002), where the Seventh Circuit explained that a payment scheme in which "[e]very extra hour is calculated and paid for" is "incompatible with treating the base wage as covering any number of hours at straight time." *Id.*  In that regard, *O'Brien*— like the majority of courts—held that premiums tied to hours do not meet the fixed weekly salary requirement.[1]

Tellingly, in the more than 10 years since *O'Brien*, subsequent courts have correctly interpreted *O'Brien* as only addressing hours-based premiums. *See, e.g.*, *Wills*, 2013 WL 5951078 at *8; *Soderberg*, 2011 WL 11528148 at *4-6; *Switzer*, 2012 WL 3685978 at *3. Again, the courts have uniformly interpreted *O'Brien*, and Plaintiff certainly does not cite to a

---

[1] Although the *O'Brien* decision did not address performance-based pay, the decision evidences that it would have followed the other courts reasoning had the issue been presented.  Among other things, the Court correctly notes that the FWW method only was an issue in determining the "regular rate" for the salary portion of an employee's remuneration. *Id.* at 287.  Moreover, it characterizes the "fixed salary" requirement as the employee receiving a fixed salary that does not vary with the number of hours worked. *Id.*

single court interpreting *O'Brien* differently. Simply put, *O'Brien* does not address performance-based commissions or bonuses at all.

**C.      The FWW Method Is a Method to Calculate the Portion of an Employee's "Regular Rate" From a Weekly Salary and Only Requires a "Fixed Salary That Does Not Vary with the Number of Hours Worked During the Week"**

Confronted with the overwhelming case law and the textual arguments against his position, Plaintiff resorts to obfuscation. In particular, he goes to great lengths to conflate the FWW method's "fixed salary" requirement with the made up terms "fixed regular rate" and "fixed wage." Neither the FLSA nor its regulations contain such terms or such requirements.

An employer is obligated only to compensate non-exempt employees at one and one-half times their "regular rate" for each hour worked over 40. 29 U.S.C. § 207(e). The "regular rate" is the average hourly earnings of an employee for a workweek, and all remuneration received that week must be included in that calculation. *See* 29 C.F.R. § 778.107-.122, .208-09. The regulations provide guidance on how to calculate the "regular rate" for different types of pay that the employee may receive in the same week. *Id.*

By definition, the "regular rate" is not limited to an employee's hourly earnings or, for a salaried employee, their salary. *See Soderberg*, 2011 WL 11528148 at * 5. In both situations, the amount paid for an employee to show up at work is solely one component of the regular rate. *Id.* Thus, the FWW method's sole relevance is to determine the "regular rate" for the salary part of the employee's weekly remuneration. As the *O'Brien* Court recognized, there are two methods for determining the "regular rate" for an employee's salary: the "weekly salary" method and the FWW method. *Id.* at 287. The first method applies when an employee receives a "fixed salary that is intended to compensate a specific number of hours." *Id.* The FWW method

5

applies if the employee receives a "fixed salary that *does not vary with the number of hours worked during the week.*" *Id.* (emphasis added).

Given both the textual basis and statutory definition of "regular rate," the courts' uniformity on the propriety of performance based commissions and bonuses should not be surprising.  As the courts in *Wills*, *Soderberg*, *Lance*, and *Switzer* recognized, performance-based pay does not cause pay to vary with the number of hours worked during the week. *See e.g., Wills*, 2013 WL 5951078 at * 9-10 (discussing cases).  Instead, an employee meets the "fixed salary" requirement if he receives that salary *without regard* to the hours he works, when he works those hours, or where he performs that work. *See id.* Performance-based commissions and bonuses are paid without regard to the type or number of hours worked. *Id.* Therefore, they have no effect whatsoever on the amount that the parties' intend to compensate the employee merely for showing up at work—as opposed to his or performance while at work.  Moreover, as the *Switzer* court recognized, the text of § 778.114 certainly does not prohibit additional remuneration so long as the "fixed salary" does not vary with the number of hours worked. *Switzer*, 2012 WL 3685978 at * 3.  That court further highlighted that the DOL knew how to require such a limitation if had intended one to exist. *Id.* Consequently, the courts hold that "as a textual matter, the requirement of a "fixed weekly salary" is met even where bonuses based on store's performance are paid to employees from time to time because such bonuses do not affect an employee's 'fixed weekly salary.'" *Wills*, 2013 WL 5951078 at *10.[2]

---

[2] In contrast, those courts and most of the other courts to consider the issue have held that premiums tied to the hours worked—either where, when or how many worked—do not comply with the "fixed salary" requirement. Unlike performance-based pay, these premiums require that the employer take all of the time worked by the employees into consideration when determining weekly pay and therefore is the antithesis of a fixed salary. *See Soderberg*, 2011 WL 11528148 at *4. In short, the parties do not intend the salary to compensate at straight time for all hours that week. *Wills*, 2013 WL 5951078, *9 (emphasis added). Accordingly, the relevant inquiry is whether the additional remuneration is paid *with regard* to the hours worked, not whether the employee is merely paid additional remuneration

In his Opposition, Plaintiff makes much of the fact that commissions, like bonuses, must be included in an employee's "regular rate." Neither GNC nor the courts dispute that. Instead, their inclusion highlights the error of Plaintiff's assertion. An employee's weekly salary is simply one component of an employee's "regular rate." The FWW method is focused simply on calculating the "regular rate" for the weekly salary. To get the ultimate weekly "regular rate," that amount for the salary must be added to any amounts for performance-based commissions or bonuses. Other than being added together for an ultimate "regular rate," the calculations for the different pay bases have no effect on each other. Moreover, the bonuses and commissions in all the cases cited above were also added to the regular rate. *See e.g.*, *Soderberg*, 2011 WL 11528148 at *5; *Lance*, 2005 WL 1785315 at *6.

Finally, contrary to Plaintiff's contention, neither the FLSA nor its regulations contain a requirement for a "fixed regular rate" or a "fixed wage." To the contrary, § 778.114 expressly contemplates that the regular rate will vary from week to week. *See Soderberg*, 2011 WL 11528148 at *4. The FLSA certainly does not prohibit employees paid on a salary-basis from receiving additional remuneration. *Id*; *see also,* 29 C.F.R. § 778.109 ("their earnings may be determined on a piece-rate, salary, commission or other basis"). Indeed, as the *Lance* court noted in finding performance-based commissions consistent with the FWW method, the regulations expressly contemplate adding commissions to other forms of remuneration (i.e. salary or hourly rates) to get the regular rate. *Lance*, 2005 WL 1785315 at *6-7; *see also Soderberg*, 2011 WL 11528148 at *5. Just as it is proper for someone receiving straight-time pay for weekly hours on an hourly-basis to earn a performance-based commission, it is equally proper for someone receiving from a fixed salary to receive an additional commission.

7

          GENERAL NUTRITION CENTERS, INC.
          and GENERAL NUTRITION CORP.,
          By their attorneys,


*/s/ Christopher S. Feudo*
Christopher M. Michalik (appearing pro hac vice)
Tyler S. Laughinghouse (appearing pro hac vice)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA  23219
(804) 775-4343
cmichalik@mcguirewoods.com
tlaughinghouse@mcguirewoods.com

Brad A. Funari (appearing pro hac vice)
Pa. Id. No. 89575
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania  15222
(412) 667-6000
bfunari@mcguirewoods.com

Robert A. Fisher, BBO # 643797
*rfisher@foleyhoag.com*
Christopher S. Feudo, BBO # 670499
*cfeudo@foleyhoag.com*
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000


Dated: March 3, 2014

CERTIFICATE OF SERVICE

      I, Christopher S. Feudo, certify that on this 3rd day of March 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

                            */s/ Christopher S. Feudo*
                            Christopher S. Feudo

B4229301.1