UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS
WESTERN DIVISION

| | |
|---|---|
| JOSEPH LALLI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:13-cv-30208 |
| ) | |
| v. ) | |
| ) | |
| GENERAL NUTRITION CENTERS, INC. ) | |
| and GENERAL NUTRITION CORP., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STAY BRIEFING UNTIL THE COURT RULES ON DEFENDANTS' MOTION TO DISMISS

On March 12, 2014, Plaintiff filed his Motion to Certify Class as Conditional Collective Action ("Pl.'s Motion") [ECF No. 24]. Because Defendants' Motion to Dismiss [ECF No. 8] is dispositive on this issue, Defendants respectfully request this Court to stay briefing on Plaintiff's certification motion until after the Court has ruled on Defendants' Motion to Dismiss.

At the conditional certification stage, the Court must make a factual finding whether the Plaintiffs are "similarly situated." 29 U.S.C. § 216(b). At this time, however, Defendants have not yet filed an answer. Under the Federal Rules of Civil Procedure, Defendants have fourteen (14) days after the Court rules on the Motion to Dismiss to submit an answer. *See* Fed. R. Civ. P. 12(a)(4)(1). As a result, Plaintiff's certification motion is premature, and a stay is warranted.

In addition, as the United States Supreme Court has recognized, the collective action procedure is only appropriate when it facilitates judicial economy. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Considering Plaintiff's motion at this stage of the litigation would not serve the interests of judicial economy. To the contrary, it would force Defendants to incur the costs of opposing Plaintiff's motion, this Court to consider and rule on a motion that

Allowed on condition that the limitations period to opt in is tolled from the date of this court's ruling on the motion to dismiss. (So ordered. /s/ Michael A. Ponsor USDJ 4/4/14)