UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH LALLI,                    )
    Plaintiff,               )
                                 )
                v.            )   C.A. No. 13-cv-30208-MAP
                                 )
GENERAL NUTRITION CENTERS,       )
INC., and GENERAL                )
NUTRITION CORP.,                 )
    Defendants.              )

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 8)

January 13, 2015

PONSOR, U.S.D.J.

I. INTRODUCTION

This is a wage and hour case brought by Plaintiff and would-be class representative Joseph Lalli, a former store manager of Defendants, General Nutrition Centers, Inc., and General Nutrition Corp. (collectively "GNC" or "Defendants"), challenging GNC's alleged failure to pay him time-and-a-half compensation for hours worked in excess of forty hours. Plaintiff contends that GNC's company-wide policy of using the "fluctuating work week" ("FWW") method to calculate overtime for non-exempt employees violated the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a),

and the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws, ch. 151, § 1A.

Defendants have moved to dismiss. At the heart of this case is a disagreement over whether a company may use the FWW pay model when it factors sales commissions into the regular weekly rate. As will be seen below, the undisputed facts make clear that Defendants correctly employed the FWW approach in calculating Plaintiff's pay rate. As a result, the court will allow Defendants' motion to dismiss.

## II. FACTS

Plaintiff is a resident of Palmer, Massachusetts. He managed a GNC store in Massachusetts from September 2010 through January 2013. At all relevant times, he was a non-exempt employee under the FLSA.

GNC sells health and wellness products including vitamins, minerals, and supplements through approximately 3,100 company-owned stores throughout the United States. There are around seventy GNC stores in Massachusetts. At these locations, GNC sold products made by GNC as well as products made by third parties.

Plaintiff received a guaranteed salary as compensation for each week worked. In addition, GNC paid its store managers commissions, over and above their regular pay, based on a percentage of GNC product sales and on sales of select third-party products. All commissions were computed and paid with the employee base pay on a bi-weekly basis. The commissions were not contingent either on store performance or on numbers of hours worked, but rather were based on the individual employee's successful efforts in selling eligible GNC and third-party products. Inevitably, these commissions would vary from week to week.

Plaintiff occasionally worked more than forty hours per week. When this happened, GNC calculated Plaintiff's overtime wages using the FWW pay model. Under this method, GNC would (1) add together both (a) the guaranteed base portion of the employee's wages for that week and (b) commissions for the workweek; (2) divide the total wages by the number of hours the employee logged for that week; and (3) pay 50% of the resulting per hour rate for any hour worked in excess of forty hours per week. Because the commission figures were included in compiling the regular

hourly rate and because commissions were inherently variable, Plaintiff alleges that GNC did not pay him a "_fixed_ amount as straight time pay." 29 C.F.R. § 778.114. As a result, he argues, it was improper for GNC to use the FWW approach in calculating his overtime.

On December 31, 2013, Plaintiff filed this two-count complaint alleging violations of the FLSA, 29 U.S.C. § 207(a), and the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws ch. 151, § 1A. Plaintiff seeks to bring this complaint individually and as a class representative for a nation-wide and state-wide class. The parties agree that Massachusetts labor law substantively mirrors its federal counterpart.

On January 31, 2014, Defendants moved to dismiss. (Dkt. No. 8.) On March 12, 2013, Plaintiff moved to certify the class. (Dkt. No. 24.) On April 4, 2014, the court allowed Defendants' motion to stay briefing on the class certification motion until it ruled on the motion to dismiss. (Dkt. No. 36.)

### III. DISCUSSION

A. **Standard of Review**

When faced with a motion to dismiss, a court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994). To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008)(quoting Twombly, 550 U.S. at 557).

B.  Legal Framework

A covered employee under the FLSA is entitled to overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employer may pay the overtime rate based on a fixed weekly salary method, which applies when an employee is paid a fixed hourly rate for a fixed amount of

When faced with a motion to dismiss, a court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994). To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008)(quoting Twombly, 550 U.S. at 557).

B.  Legal Framework

A covered employee under the FLSA is entitled to overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employer may pay the overtime rate based on a fixed weekly salary method, which applies when an employee is paid a fixed hourly rate for a fixed amount of

hours per week.  Under this method of calculating overtime, an employee is compensated at 1.5 times the hourly wage for all hours worked in a given week beyond forty.  Thus, an employee who earned $10 per hour and worked fifty hours in a given week would earn $550 for that week because the last ten hours would be compensated at $15 per hour.

Alternatively, an employer may pay overtime under the FWW method when the employee receives a fixed weekly salary for hours that fluctuate each week when certain conditions are met.  Under this formula, an employee's fixed salary is divided by the number of hours worked in a particular week to determine the regular rate.  Then, in addition to the regular salary, the employee is paid 50% of that rate for all hours beyond forty.  "Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement."  29 C.F.R. § 778.114.

Accordingly, if a manager's weekly pay was $1,000 and he or she worked fifty hours that week, the "regular rate" for that week would be calculated as $20.  The manager would

then receive, as overtime pay, one-half of this "regular rate" for every hour worked above forty. Thus, the manager would receive -- on top of the $1,000 salary -- $10 per hour for ten hours of overtime, for a total of $100. The manager's compensation for the week would be $1,100.[1] See Wills v. RadioShack Corp., 981 F. Supp. 2d 245, 249 (S.D.N.Y. 2013); see also 29 C.F.R. § 778.114(b).

1. Statutory and Regulatory Framework

Section 207 of the FLSA requires that overtime pay be based upon the regular rate, but it does not specify how that rate should be calculated. The regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include" eight enumerated exceptions to the rule, none of which is at issue here. 29 U.S.C. § 207(e).

The Supreme Court has approved paying an employee a flat weekly salary for fluctuating hours, so long as the

---

[1] Had this manager instead been paid at a time-and-a-half rate for overtime hours above forty, he or she would have received $37.50 for each hour above forty, assuming a regular rate of $25/hour ($1000 per week divided by 40). Thus, the total pay for that 50-hour workweek would have been $1,375, rather than $1,100.

employer also pays a premium of "fifty percent additional for the hours actually worked over the statutory maximum." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 581 (1942). In 1968, the Department of Labor ("DOL") issued an interpretive rule based on Missel, describing the so-called FWW method. 29 C.F.R. § 778.114(a). This method of calculating overtime pay may be applied "when an employee is paid a fixed weekly salary regardless of how many hours the employee may work in a given week." O'Brien v. Town of Agawam, 350 F.3d 279, 287 (2003)(citation omitted).

Section 778.114(a) -- "Fixed salary for fluctuating hours" -- requires that four conditions be satisfied before an employer may compensate employees with the FWW method:

> (1) the employee's hours must fluctuate from week to week;
> (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums);
> (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
> (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked.

Id. at 288.

    2.    <u>Relevant Case Law</u>

In 2003, the First Circuit determined whether a municipality's omission of certain wage augmentations from the regular weekly rate calculation, as determined by the police union's collective bargaining agreement ("CBA"), violated the FLSA. O'Brien, 350 F.3d at 288. The plaintiff officers contended that the town's use of the FWW method to calculate their pay violated the FLSA because the second and fourth conditions had not been met. Id. In analyzing the rather convoluted CBA, the First Circuit found that the CBA provision that paid a $10 shift-differential payment to officers who worked the night shift and an additional bonus for hours worked beyond eight in a day meant that "the compensation scheme . . . does not comply with § 778.114." Id. at 290.

In concluding that the payment of shift differential premium made the FWW method for calculating overtime improper, the First Circuit noted that "while the shift differential itself may be small, it requires the larger conclusion that most officers do not receive a 'fixed amount' for their straight-time labor each week." Id. at 288.

In the wake of O'Brien, several courts have considered whether a performance-based bonus or commission system may be compatible with the FWW method, and they have held that it can. See, e.g., Willis, 981 F. Supp. 2d at 256 (holding that a quarterly and annual performance-based bonus compensation system complied with the FWW method); Switzer v. Wachovia Corp., 2012 WL 3685978, at *4 (S.D. Tex. Aug. 24, 2012)(holding that non-discretionary, performance-based bonuses based on sales, portfolio growth, and customer service were compatible with the FWW method); Soderberg v. Naturescape, Inc., 2011 WL 11528148, at *5 (D. Minn. Nov. 3, 2011)(holding the same for production and year-end performance-based bonuses); Lance v. Scotts Co., 2005 WL 1785315, at *6-7 (N.D. Ill. July 21, 2005)(holding the same for sales-based commissions).

These cases illustrate a "development by the courts of a rational distinction between bonuses that turn on hours worked, and bonuses that do not, under which performance-based bonuses were uniformly held consistent with the FWW." Wills, 981 F. Supp. 2d at 258. This distinction between hours-based and performance-based bonuses arises both from

the regulatory language and the case law interpreting it, including O'Brien. See Switzer, 2012 WL 3685978, at *3 ("The regulation [§778.114] does not expressly preclude payment of [performance-based] bonuses."); Soderberg, 2011 WL 11528148, at *4 (distinguishing O'Brien because it "involved compensation tied directly to the hours of work (e.g., hourly shift premiums and shift differentials)").

The hours-based/performance-based distinction derives support from the similar distinction in the FLSA calculation of an employee's regular rate of pay as set forth in 29 U.S.C. §§ 207(e)(5-7). This provision excludes certain hours-based extra compensation from the regular rate computation (such as pay for working more than eight hours a day or for working on a holiday) but does not exclude certain performance-based bonuses from consideration as part of an employee's regular rate. Wills, 981 F. Supp. 2d at 256 n.9. These cases reached the conclusion that "'straight time pay' for work in a workweek was 'fixed' and did not vary with the number of hours worked, notwithstanding the payment of performance-based bonuses." Switzer, 2012 WL 3685978, at *3.

11

C. <u>Analysis</u>

The parties dispute whether the second prong of § 778.114 -- requiring that, to be paid under the FWW method, the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums) -- has been met. Plaintiff argues that the inclusion of sales commissions in the calculation of overtime pay means that his salary is not "fixed." Defendants draw a distinction between performance-based, non-discretionary commissions and commissions based on the amount or type of hours worked. They argue that a "fixed" salary may include such performance-based bonuses. Ultimately, the case turns on the breadth of <u>O'Brien</u>'s holding, which instructs how the "fixed salary" may be calculated.

Plaintiff argues that the "fixed salary" referenced in § 778.114 encompasses all forms of compensation, including commissions. The crucial point, he contends, is that the term "salary" in the "fixed salary" requirement includes commissions. Although plausible, this argument is not supported by the weight of statutory authority and case law.

12

As a threshold matter, the regulations appear to make it clear that a commission is distinct from a salary. While the DOL mandates that commissions must be included in calculating the regular rate, it also instructs:

> This is true regardless of whether the commission is the sole source of the employee's compensation or <u>is paid in addition to a guaranteed salary</u> or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission.

29 C.F.R. § 778.117 (emphasis added). It is hard to see how a commission can be viewed as part of a salary when it is characterized as being paid "in addition" to a salary. <u>Cf</u>. <u>Lance</u>, 2005 WL 1785315, at *6 ("When commission is paid on a weekly basis it is added to the employee's other earnings for that workweek. . . .")(quoting 29 C.F.R. § 778.118).

Contrary to Plaintiff's argument, <u>O'Brien</u> does not hold that <u>any</u> variation in compensation disqualifies the employer from using the FWW method to calculate overtime. In <u>O'Brien</u>, the First Circuit addressed two issues that have some relevance to the case now before the court: whether so-called wage augmentations -- shift differential pay and off-day bonuses, among others -- had to be included in calculating overtime, and whether the officers' CBA

13

comported with the FWW method. Ultimately the court concluded in O'Brien that these wage augmentations had to be included in any calculation of the overtime compensation and that, as a result, the FWW method of calculating overtime did not properly apply. The O'Brien court, however, never considered whether the payment of performance-based, non-discretionary commissions would disqualify a pay scheme from using the FWW method to calculate overtime.

The pivotal fact in the record now before the court is that, although Plaintiff's compensation certainly did vary from week to week, it did not vary with the number or nature of the hours worked during the week. Unlike the police officers in O'Brien, who received pay increments for working undesirable shifts, store managers at GNC received the same weekly salary regardless of when and how often they worked. If a police officer in O'Brien were to work a night shift, he or she would be entitled to more pay than the same rank-and-file officer working the same number of hours during the day. Thus, the town did not pay each officer the same amount of pay for straight-time labor each week. Id. at

288. Such a system, the <u>O'Brien</u> court held, precluded the application of § 778.114.

GNC's system is different. The additional compensation Plaintiff received was not based on the type or amount of hours he worked, but on his ability (or perhaps luck) in finalizing a sale. The commissions were paid based on sales, irrespective of hours worked. Indeed, a store manager who worked more hours might garner more commissions, but he might not.

In sum, <u>O'Brien</u> did not address whether an employer may use the FWW to compensate overtime work when its employees are paid a performance-based, non-discretionary commission in addition to a weekly salary. The pertinent regulation, 29 C.F.R. § 778.114, does not expressly forbid the use of the FWW with a commission-based system. Plaintiff has not identified any case that interprets § 778.114 as prohibiting the FWW method where performance-based commissions are paid. In fact, the majority of courts that have addressed performance-based bonuses have found them compatible with the FWW method. The court agrees with this majority and finds that an employer may utilize the FWW even when an

15

employee's pay may vary based on performance-based commissions.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 8) is hereby ALLOWED. The clerk will enter judgment for Defendants. This case may now be closed.

It is So Ordered.

_____
MICHAEL A. PONSOR
U. S. District Judge